IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YAHYA WATSON, | * | |
| Petitioner, | * | |
| v. | * | Civ. No. DLB-23-964 |
| WARDEN, | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

On April 7, 2023, Yahya Watson, a federal inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking transfer to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. ECF 1. Watson notes that he was approved for home confinement while he was incarcerated at Federal Correctional Institution, Fort Dix ("FCI-Fort Dix") and then, after he was transferred to Federal Correctional Institution, Cumberland ("FCI-Cumberland"), denied eligibility. He contends that FCI-Cumberland's decision was arbitrary and in violation of his due process rights. *Id.* at 2, 13–16. The respondent filed a motion to dismiss the petition or, in the alternative, for summary judgment, which Watson opposed. ECF 9, 11. Having reviewed the petition, motion, and related filings, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6 (D. Md. 2023). Because CARES Act relief no longer is available, the Court must dismiss the petition for lack of subject-matter jurisdiction.

**I.     Background**

On May 8, 2008, Watson was sentenced to 324 months' incarceration by the U.S. District Court for the Eastern District of Virginia, Case No. 1:07-cr-00396, for conspiracy to distribute and

possession with intent to distribute five kilograms or more of cocaine. ECF 9-5, at 3. He was committed to the Bureau of Prisons ("BOP") on July 18, 2008. *Id*.

On October 14, 2022, while confined at FCI-Fort Dix, Watson asked to be reviewed for home confinement eligibility under the CARES Act. ECF 9-4, at 4; ECF 9-7, at 4. On November 15, 2022, Watson's request was granted in part based on a finding that he had relevant health conditions that were "associated with increased risk" if Watson were to contract COVID-19. ECF 9-4, at 4; ECF 9-8, at 2. He was informed that, once his release address was verified, his Unit Team could "continue the process of submitting a CARES Act home referral." ECF 9-8, at 2. On December 6, 2022, a probation officer from the District of Maryland Probation and Pretrial Services Office signed a letter stating that Watson's "release plan is approved" and refenced a proposed residence address located within the district. ECF 1-4, at 2.

On January 30, 2023, Watson was transferred from FCI-Fort Dix to FCI-Cumberland, where he was assigned placement in the prison camp. ECF 9-4, at 3; ECF 9-6, at 2. On February 16, 2023, Watson filed an inmate request to check the status of his home confinement referral. ECF 1-1, at 2. On February 22, 2023, the FCI-Cumberland warden (the respondent in this case), replied to Watson, informing him that upon review of the referral request by staff at FCI-Cumberland, Watson was found inappropriate for placement. *Id*. The response stated in part that Watson's "medical conditions do not place [him] at the highest risk for COVID-19-related severe illness and/or death in the BOP." *Id*. The response also referenced Watson's decision to decline the COVID-19 vaccine on three occasions. *Id*.

On April 7, 2023, Watson filed his § 2241 petition and an emergency motion to expedite any response from the respondent. *See* ECF 4. Watson's motion was made in light of President Biden's expected termination of the national emergency related to the COVID-19 pandemic and

2

the looming expiration of the CARES Act's provisions, which would occur 30 days after termination of the national emergency. *Id*. at 2. The Court granted Watson's motion to expedite and directed the respondent to file a response to the petition by May 1, 2023. ECF 6.

On May 1, 2023, the respondent moved to dismiss the petition, arguing that Watson failed to exhaust his administrative remedies; that the BOP's decision to deny home confinement under the CARES Act is discretionary and non-reviewable; and that Watson does not have a liberty interest in home confinement. ECF 9, at 9–16. To explain the seemingly contradictory evaluations of Watson's home confinement eligibility, the respondent notes that on December 19, 2022 (after FCI-Fort Dix found him eligible on November 15, 2022 and before FCI-Cumberland found him ineligible on February 22, 2023), the BOP issued an updated memorandum of home confinement criteria and guidance. ECF 9 at 3–4, 6, 15; ECF 9-3, at 2–5.

On May 10, 2023, the provisions under the CARES Act that had granted the BOP its expanded authority and discretion for home confinement expired. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023); *see* CARES Act, Pub. L. No. 116-136, § 12003(a)(2), 134 Stat. 281, 516 (2020).

## II.   Discussion

Preliminarily, the Court considers whether this matter continues to present a live case or controversy now that the CARES Act provisions for expanded home confinement have expired. The respondent did not have reason to address the issue because she submitted her response to the petition on an expedited basis shortly before the Act's expiration, pursuant to an order from the Court. ECF 6, 9. But "questions of subject matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); Fed. R. Civ. P. 12(h)(3). A claim is moot "[w]hen a . . . controversy ceases to exist—either due to a change in the facts or the law." *Porter v. Clarke*, 852 F.3d 358,

363 (4th Cir. 2017). Mootness means the petitioner no longer has the legally recognized "personal interest" required for standing, and as a result, the Court no longer has subject-matter jurisdiction. *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)); *see Powell v. McCormack*, 395 U.S. 486, 496 (1969); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The BOP had expanded authority and discretion to transfer inmates to home confinement under the CARES Act for the duration of the "covered emergency period." CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). The Act defined the "covered emergency period" as "beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and *ending on the date that is 30 days after the date on which the national emergency declaration terminates . . . .*" *Id*. § 12003(a)(2), 134 Stat. at 516 (emphasis added).

On April 10, 2023, three days after the court received Watson's petition for filing, President Biden signed into law a joint resolution declaring that the national emergency related to COVID-19 was terminated. H.J. Res. 7, Pub. L. No. 118-3, 137 Stat. 6 (2023). As a result, 30 days later, on May 10, 2023, at 11:59 PM, the provisions under the CARES Act that had granted the BOP its expanded authority and discretion for home confinement expired. Upon expiration, the BOP no longer had authority to transfer inmates to home confinement under the Act. This includes Watson. Consequently, Watson's request for transfer is moot.

Other district courts considering this question have reached the same conclusion. *See, e.g.*, *Carr v. Warden*, No. SAG-23-cv-966, 2023 WL 8650293 (D. Md. Dec. 14, 2023); *Clark v. Jamison*, No. 3:23-cv-455 (MPS), 2023 WL 7300582 (D. Conn. Nov. 6, 2023); *Perry v. Knight*,

4

No. CV-23-1064 (RMB), 2023 WL 7280553 (D.N.J. Nov. 2, 2023); *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803 (M.D. Pa. Sept. 22, 2023). Watson's unsupported assertion that BOP "policy" and court "procedure" have made CARES Act relief available to inmates past its expiration so long as the inmates made a timely application is without merit. ECF 9, at 1. No order from the Court could yield the relief Watson is seeking, as the BOP simply does not have the authority for expanded home confinement since the sunset of the CARES Act provisions.

Because the petition is dismissed on mootness, the Court does not resolve the respondent's motion to dismiss or, in the alternative, for summary judgment.

### III. Conclusion

The petition, ECF 1, is DISMISSED without prejudice for lack of subject-matter jurisdiction because the claim is moot. The respondent's motion to dismiss or, in the alternative, for summary judgment, ECF 9, is DENIED as moot. A separate order follows.

January 26, 2024
Date

Deborah L. Boardman
United States District Judge